IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO ADVISORS, LLC.,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY E. BRAVER,<br><br>Defendant. | Case No.: 3:11-cv-06685-JSC<br><br>**ORDER REASSIGNING CASE TO DISTRICT JUDGE; REPORT AND RECOMMENDATION GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. No. 14)** |

Now before the Court is Plaintiff's Motion for Default Judgment or in the alternative for Confirmation of Arbitration Award and Entry of Final Judgment. (Dkt. No. 14.) After careful review of the documents submitted by Plaintiff, and as the time for Defendant to file an opposition has passed, the Court finds the matter appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b), and the August 2, 2012 hearing is therefore vacated.

Because the defendant-in-default has not consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), this matter should be reassigned to a district court judge. For the reasons set forth below, the Court recommends that the district court GRANT Plaintiff's Motion for Default Judgment and enter judgment confirming the arbitration award.

## BACKGROUND

In 2008, Defendant Gregory Braver - at the time an employee of Plaintiff, Wells Fargo Advisors LLC, f/k/a Wachovia Securities, LLC - executed a promissory note in favor of Plaintiff in the amount of $77,224.00 ("Note"). (Dkt. No. 1 ¶ 9, Ex. 3.) Pursuant to the terms of the Note, Defendant would be in Default on the Note if his employment with Plaintiff ended and the entire Note would become due and payable at that time. (Id. ¶ 11, Ex. 3 at 1.) In particular, the Note states that "[u]pon the occurrence of an Event of Default . . . Wachovia may, at its option, declare the entire unpaid principal balance of this Note immediately due and payable." Id. In addition, the Note contains an arbitration clause, which states in relevant part:

> [A]ny action instituted as a result of any controversy arising out of this Note, or as a result of any section interpretation thereof, shall be brought before the arbitration facility of the National Association of Securities Dealers . . . You agree that arbitration shall be your exclusive remedy and that the results of such arbitration shall be final and binding upon you.

(Id., Ex. 3 at 2.)

The following year, Defendant's employment with Plaintiff ended, which resulted in Defendant's default on the Note. (Dkt. No. 1 ¶ 12.) At that time, Plaintiff had overpaid Defendant commissions that he was obligated to repay. (Id. ¶ 13.) To recover the overpayment and the amount owed on the Note, Plaintiff filed a Statement of Claim in arbitration against Defendant, to which Defendant filed an answer. (Id. ¶ 15.) In his answer, Defendant recited the events leading to the termination of his employment with Plaintiff. He noted that "[u]pon the failure of Wachovia and subsequent purchase by Wells Fargo my commission basically cease[d]." (Dkt. No. 1, Ex. 8 at 1.) He explained that Wells Fargo's purchase of Wachovia Securities caused confusion as to the bank that managed his clients' money. (Id.) As a result of this uncertainty, his "best clients began to leave." (Id.) Finally, the Defendant stated that an "arbitration judgment will most likely make him unemployable in an industry" he is passionate about because it may cause "negative things" to his license. (Id. at 1-2.)

2

On December 16, 2010, the Arbitrator held an evidentiary hearing which was attended by both parties. (Dkt. No. 1, Ex 1 at 9.) At the close of the hearing, Plaintiff requested $66,022.00 in compensatory damages on the Note, and $21,447.24 for the excess commissions. Id. The Arbitrator issued an Award requiring Defendant to pay both amounts for a total of $87,469.24 in compensatory damages. (Dkt. No. 1 ¶¶ 18-19.) Plaintiff subsequently filed with the Court a Petition to Confirm Arbitration and For Entry of Final Judgment. (Dkt. No. 1.) Defendant failed to file a responsive pleading, and on June 1, 2012, the Clerk entered default against Defendant. (Dkt. No. 13.)

Now pending before the Court is Plaintiff's motion to confirm the arbitration award or, in the alternative, for default judgment. In either case, Plaintiff seeks a judgment confirming the arbitration award, plus costs in the amount of $1,459.50. (Dkt. No. 14 ¶ 17.) As default has been entered, the Court first considers Plaintiff's motion for default judgment.

## DISCUSSION

### I. Jurisdiction and Service of Process

When a court is considering whether to enter a default judgment it has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.") Here, the Court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332: Plaintiff is a Delaware Limited Liability Company with a principle place of business in Missouri, and Defendant is a citizen of California residing in Folsom, CA. (Dkt. No. 8 ¶¶ 3-4.) The arbitration award which Plaintiff seeks to confirm is over $75,000. Furthermore, pursuant to 9 U.S.C. § 9, an "application [for confirmation of arbitration] may be made to the United States court in and for the district within which such award was made." Here, the award was issued in San Francisco. (Id. ¶ 6.) Therefore, the Court has jurisdiction over this case.

The Court must also "assess the adequacy of the service of process on the party against whom default is requested." Bd. of Trs. of the N. Cal. Sheet Metal Workers v. Peters, No.

3

00–0395, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001); see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) (finding that "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly").  Federal Rule of Civil Procedure 4(e) provides that an individual may be served either by delivering a copy of the summons and complaint to the individual personally or in accordance with California law.  Under California law, if personal service of the summons and complaint cannot be accomplished with reasonable diligence, then substituted service is proper.  See Cal. Code Civ. Proc. § 415.20(b).  Plaintiff served Defendant with the Petition to Confirm Arbitration Award and Summons by means of substituted service.  (Dkt. No. 7.)  Plaintiff also filed the Proof of Service Declaration Regarding Diligence.  Id.  Plaintiff served the Amended Petition to Confirm Arbitration Award and for Entry of Final Judgment upon Defendant by leaving it at his usual mailing address with a member of the household who was over 18.  (Dkt. No. 11.)  Plaintiff perfected substituted service by mailing the document to Defendant.  (Dkt. No. 12, Ex. 1.)  Accordingly, the Court finds that service of process is adequate.

## II.     Default Judgment

After entry of default, a court may grant default judgment on the merits of the case.  See Fed. R. Civ. P. 55.  The factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party.  Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977).  "The district court's decision whether to enter a default judgment is a discretionary one."  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  A court should consider the following factors in determining whether to enter default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<pre>
<pre>
</pre>
</pre>

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  For the reasons discussed below, the majority of the Eitel factors support a default judgment here.

      Considering the first factor, Plaintiff may suffer prejudice without an entry of default judgment as he may not have another recourse for recovery against Defendant.  In considering the second and third factors, "the Court must first examine whether or not [Defendant] agreed to arbitrate in the first place because, if [he] did not, then the Court could not confirm the arbitrator's decision and award." Bd. of Trs. of Carpenters Health & Welfare Trust Fund for Cal. v. Acoustitec, 2009 WL 2152064, *4 (N.D. Cal. July 16, 2009).  Here, by signing the promissory note, Defendant agreed to be bound by the results of arbitration.  He participated in the arbitration process, filed an answer to Plaintiff's Statement of Claim, and appeared at the evidentiary hearing.  Nothing in the record indicates that Defendant at any point challenged the validity of the arbitration clause.  Moreover, there is no indication that there are any grounds for vacating, modifying, or correcting the award. "In the absence of a legal basis to vacate, this court has no discretion but to confirm the award." Int'l Thunderbird Gaming Corp. v. United Mexican States, 473 F. Supp. 2d 80, 83 (D.D.C. 2007), aff'd, 255 F. App'x 531 (D.C. Cir. 2007).  Therefore, the second and third factors weigh in favor of a default judgment.

      The sum of money at stake is to be considered "in relation to the seriousness of the action." Lehman Bros. Holdings Inc. v. Bayporte Enters., Inc., 2011 WL 6141079, *7 (N.D. Cal. Oct. 7, 2011) (internal citations and quotations omitted).  The amount at stake must not be disproportionate to the harm alleged.  Id.  Here, Plaintiff is requesting the amount that is owed on the Note, commission overpayment, and the costs associated with filing the Petition to Confirm and subsequent pleadings; these add up to $87,469.24 plus $1,459.59 in costs.  The Court finds these figures are proportionate to the harm alleged.

      As for the fifth factor, as explained above Defendant does not appear to dispute any fact as to the validity of the arbitration clause in his answer to Plaintiff's Statement of Claim.  Nor does the record reflect any opposition by Defendant to the arbitration process.  While Defendant's answer to Plaintiff's Statement of Claim expresses concern about the negative

<pre>                                             5</pre>

impact of an arbitration judgment, it does not indicate a possible dispute concerning material facts.

The record does not suggest whether the default was due to excusable neglect (the sixth factor) and, by granting the motion for default judgment, the Court is confirming the arbitration award which was decided on the merits of the case. Therefore, this decision is aligned with the policy of favoring decisions on the merits (the seventh factor).

Having considered all seven Eitel factors, the Court finds that they weigh in favor of granting Plaintiff's motion for default judgment against Defendant.

### III.   Costs

Plaintiff alleges that it "incurred costs, other than attorney fees, in the amount of $1,459.59 in connection with filing the Petition to Confirm and subsequent pleadings." (Dkt. No. 14 ¶17.) Plaintiff seeks reimbursement of these costs pursuant to Federal Rule of Civil Procedure 54(d). (Id. ¶ 22.) Civil Local Rule 54-1 requires the prevailing party to serve and file a bill of costs no later than fourteen days after entry of judgment. The rule further requires that the bill "state separately and specifically each item of taxable costs claimed." Local Rule 54-1(a). Each item must be documented, and the bill "must be supported by an affidavit, pursuant to 28 U.S.C. §1924, that the costs are correctly stated, were necessarily incurred, and are allowable by law." Id. As Plaintiff has not complied with these requirements, the Court recommends DENIAL of Plaintiff's request for these costs without prejudice to Plaintiff submitting a bill of costs pursuant to Local Rule 54-1.

### CONCLUSION

Based on the foregoing, the Court recommends that Plaintiff's Motion for Default Judgment confirming the arbitration award (Dkt. No. 14.) be GRANTED. The Court recommends that judgment be entered in favor of Plaintiff in the amount of $87,469.24 in compensatory damages consistent with the arbitration decision. The Court recommends that the request for $1,459.59 in costs, other than attorney's fees, be DENIED without prejudice to Plaintiff submitting a bill of costs pursuant to Civil Local Rule 54-1.

1   Plaintiff shall serve a copy of this Report and Recommendation on Defendant within
2 three business days from its filing and shall file proof of service with the Court.  Any party
3 may file objections to this Report and Recommendation with the district court to whom the
4 case is reassigned within ten days after being served with a copy.

**IT IS SO ORDERED.**

Dated: July 9, 2012.

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE